UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | Criminal No. 26cr10107 |
| v. | ) ) | Violation: |
| DAMIAN HALFKENNY, | ) ) ) | Count One: Wire Fraud (18 U.S.C. § 1343) |
| Defendant | ) ) ) ) ) | Forfeiture Allegation: (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461) |

INFORMATION

At all times relevant to this Information:

General Allegations

1.    Defendant DAMIAN HALFKENNY was a resident of Boston, Massachusetts.

2.    HALFKENNY was employed full-time as a Sergeant with the Massachusetts State Police.

HALFKENNY's Rental Properties and Tax Returns

3.    HALFKENNY owned several properties in Boston.

4.    HALFKENNY reported his 2019 income to the Internal Revenue Service using the federal Form 1040.

5.    Among various schedules that a taxpayer may submit with their Form 1040 are a Schedule C and a Schedule E. Schedule C is used to report profit or loss from a business that the taxpayer operates as a sole proprietor. Schedule E is used to report income or loss from, among other things, rental real estate.

6.    HALFKENNY did not file a Schedule C for 2019.

1

7. HALFKENNY filed a Schedule E for 2019, reporting that he had rented out multiple properties that year. HALFKENNY did not report any payroll expenses.

8. On his 2019 Schedule E, HALFKENNY reported that he had incurred a loss of $8,714, *i.e.*, his rents received minus expenses equaled -$8,714.

The Paycheck Protection Program

9. The United States Small Business Administration ("SBA") was an agency of the executive branch of the United States government. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters. As part of this effort, the SBA enabled and provided for loans, guaranteed by the government, through banks, credit unions, and other lenders.

10. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in March 2020 to provide emergency financial assistance to Americans suffering the economic effects of the COVID-19 pandemic. The CARES Act also provided funding for forgivable loans to small businesses for job retention and certain other expenses through the Paycheck Protection Program ("PPP"). The PPP offered forgivable loans to small businesses affected by the COVID-19 pandemic. The loan proceeds could be used for payroll and certain other business expenses.

11. In order to obtain a PPP loan, a qualifying business was required to submit a loan application signed by an authorized representative of the business acknowledging the program rules and making certain affirmative certifications, including certifications about the business's average monthly payroll expense and the purpose of the loan. If the applicant was a sole proprietor, they were required to submit an IRS Schedule C in support of their application.

2

12.     PPP loan applications were processed by participating lenders. The lender funded the PPP loan using its own money, but the loan was guaranteed by the SBA. Data from the application, including information about the business's average monthly payroll expense, was transmitted by the lender to the SBA in the course of processing the loan.

13.     Because the PPP was an emergency program designed to provide funds to small businesses as quickly as possible, participating lenders and the SBA were allowed to rely on applicants' certifications without verifying the accuracy of information the applicants represented to be true.

14.     After obtaining the loan proceeds, the borrower could apply for forgiveness of the loan if they met certain requirements, including that they had spent at least 60% of their loan proceeds on payroll expenses.

15.     If the loan was forgiven, the SBA repaid the lender the full amount of the loan plus any accrued interest. Forgiven loans were paid for with taxpayer money.

<u>HALFKENNY's Scheme to Defraud the SBA</u>

16.     HALFKENNY was a customer of a bank in Boston that participated in the PPP (the "Bank").

17.     On or about March 2, 2021, HALFKENNY used his Yahoo email account to send an email to ppp@[name of the Bank].com attaching a signed application for a $21,220 PPP loan. In the application HALFKENNY represented that he was the sole proprietor of a residential real estate rental business with one employee. He falsely represented that his average monthly payroll expense was $8,488. His application stated that one of the purposes of the loan was to cover the business's payroll costs. HALFKENNY certified that "the information provided in this

application and the information provided in all supporting documents and forms is true and accurate in all material respects."

18.    On or about March 2, 2021, the President of the Bank (the "Bank President") sent a reply email stating, "Can you please send me a Schedule C tax return to help me validate the monthly payroll/income."

19.    On or about March 3, 2021, HALFKENNY emailed the Bank President a fabricated Schedule C for tax year 2019. The Schedule C represented that in 2019 HALFKENNY had been the proprietor of a rental real estate business which had received $139,754 in rental income and incurred $37,898 in expenses, yielding a net profit of $101,856. In fact, as noted above, HALFKENNY's rentals yielded a net loss of ($8,714). This email traveled through a server in New York.

20.    The Bank asked the SBA to guarantee HALFKENNY's loan if he later applied for, and was granted, loan forgiveness. In support of its request, the Bank provided the SBA with information stated on HALFKENNY's application and his fabricated Schedule C.

21.    The SBA agreed to guarantee the loan. HALFKENNY's certification and other information relayed to the SBA by the Bank, including the false payroll information on HALFKENNY's application and his fabricated Schedule C, were material to the SBA's decision.

22.    On or about March 6, 2021, HALFKENNY opened a new checking account at the Bank, account no. -2148. On or about March 8, 2021, the Bank deposited $21,220 in PPP loan proceeds into the account. This was the first deposit into account no. -2148.

23.    HALFKENNY spent the loan proceeds in less than two months. Between on or about March 8, 2021, and on or about May 3, 2021, HALFKENNY paid himself two $7,000

checks; he withdrew $5,000 in cash; and he paid $2,118.28 in mortgage interest on one of his rental properties.

24.    On or about September 13, 2021, HALFKENNY emailed the Bank President a signed PPP forgiveness application. HALFKENNY falsely represented on the application that he had spent the entire loan amount on payroll costs. HALFKENNY certified that "the information provided in this application is true and correct in all material respects."

25.    The Bank reported the information on HALFKENNY's forgiveness application to the SBA.

26.    On or about September 16, 2021, the SBA granted HALFKENNY's forgiveness application. The information and certifications on HALFKENNY's loan application and forgiveness application, as well as his fabricated Schedule C, were material to the SBA's decision.

27.    On or about September 16, 2021, the SBA repaid the Bank the full principal amount on HALFKENNY's loan plus $112.79 in accrued interest, totaling $21,332.79.

28.    HALFKENNY did not repay any portion of his PPP loan.

<u>COUNT ONE</u>
Wire Fraud
(18 U.S.C. § 1343)

The United States Attorney charges:

29.     The United States Attorney re-alleges and incorporates by reference paragraphs 1-28 of this Information.

30.     On or about March 3, 2021, in the District of Massachusetts, and elsewhere, the defendant,

DAMIAN HALFKENNY,

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme to defraud: Email from DAMIAN HALFKENNY in Massachusetts to the Bank President in Massachusetts, traveling through a server located in New York, attaching a fabricated Schedule C in support of HALFKENNY's PPP loan application.

All in violation of Title 18, United States Code, Section 1343.

<u>FORFEITURE ALLEGATION</u>
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The United States Attorney further alleges:

1.    Upon conviction the offense in violation of Title 18, United States Code, Section 1343, set forth in Count One, the defendant,

DAMIAN HALFKENNY,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, the following asset:

    a.  $21,332.79, to be entered in the form of a forfeiture money judgment;

2.    If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the Court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

LEAH B. FOLEY
UNITED STATES ATTORNEY

By: _____
CHRISTINE WICHERS
Assistant U.S. Attorney

Date: April 10, 2026

8